UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER PURA,

                Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

                Defendant.

Case No. 2:18-cv-01162-MMD-NJK

ORDER

## I. INTRODUCTION

This case comes before the Court through Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Petition for Removal ("Petition"). (ECF No. 5.) Plaintiff filed this action in the Eighth Judicial District Court in Clark County, Nevada, after allegedly being rear ended by a drunk driver. (ECF No. 5-2 at 3-4.) Plaintiff brings claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of NRS § 686A.310. (*Id.* at 4-7.) State Farm removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). On July 11, 2018, the Court issued an order to show cause why this action should not be remanded for failure to meet the amount in controversy. (ECF No. 11.) Defendant responded (ECF No. 14) and Plaintiff replied (ECF No. 16). For the reasons discussed herein, this case is remanded for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed

in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

## III. DISCUSSION

State Farm argues that despite Plaintiff's claim for $14,773 in past medical bills, Plaintiff's counsel sent a letter seeking a settlement of $74,900.[1] (ECF No. 14 at 3.) Plaintiff

---

[1] The Court cannot consider the letter or questionnaire provided by State Farm (ECF Nos. 14-2, 14-3) because neither exhibit was authenticated. *See Singer*, 116 F.3d at 377;

does not dispute this fact but clarifies that the letter made a *demand* for damages and that this demand was below the required amount in controversy. (ECF No. 16 at 2.) Plaintiff does, however, dispute Defendant's speculation that Plaintiff would ask for or stipulate to an additional $50,000 for punitive damages and attorney fees. (*Id.* at 3 (quoting ECF No. 14 at 4).) This casts doubt on whether the amount in controversy has been established for purposes of diversity jurisdiction, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090. In following Ninth Circuit jurisprudence requiring that the removal statute be strictly construed against removal, the Court finds remand to be appropriate.

**IV.    CONCLUSION**

The Clerk is instructed to remand this action to the Eighth Judicial District Court in and for Clark County.

DATED THIS 1st day of August 2018.

 

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*see also Orr*, 285 F.3d at 773. However, even if the Court considered the letter from Plaintiff seeking settlement, the letter requests an amount below the amount in controversy and does not identify whether that amount encompasses compensatory and punitive damages plus attorney fees or whether it encompasses only compensatory damages stemming from Pura's physical injuries. Moreover, from the face of the Complaint, Plaintiff does not appear to seek special damages such as future lost wages.